PER CURIAM.
Defendant appeals from a judgment of conviction entered on a plea of guilty to third degree murder, burglary with an assault or battery while armed, and the sale, manufacture, or delivery of a controlled substance. The trial court had denied defendant’s motion to suppress his inculpato-ry statements; defendant reserved the right to appeal the denial of that motion to suppress. We affirm.
Defendant was treated at Jackson Memorial Hospital for a gunshot wound in the hand and initially reported to police that he had simply been walking down the street when he felt a pain in his hand and saw that he was bleeding. After he was treated at the hospital, he agreed to accompany the officers to the police station to look at photographs and identify his assailants. He was not given Miranda warnings because when he was at the station, he was not in custody and was considered the victim of a crime, not a suspect. The investigating officers questioned defendant to clarify the details of the shooting and determine the exact address where the shooting occurred, as they were investigating other shootings in the vicinity. Defendant soon changed his account and placed himself at the scene of another homicide shooting that police were investigating, and admitted that he had been carrying a gun. At that point, the police informed him of his Miranda rights, and defendant initialed the form.
*947 The trial court acted within its broad discretion when it denied defendant’s motion to suppress. The court properly-found that defendant was not in police “custody” when he gave those statements. Defendant argues that this case is controlled by the Supreme Court’s decision in Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). We disagree. In Dunaway, the Court held that where police had seized defendant as a suspect in a specific crime and had taken him to the station for questioning without probable cause, his confession was inadmissible. Id. Unlike the defendant in Dunaway, the defendant in this case was not a suspect when he was voluntarily transported to the station; the police did not even know that he had been in possession of a weapon. He had not been “seized” by police before he made his incriminating statement. The only reason why defendant was at the police station is that he himself had filed a police report claiming that he had been the innocent victim of a shooting.
We likewise find no abuse of discretion in the trial court’s finding that defendant’s confession was freely and voluntarily given.
AFFIRMED.